IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELZIE STEPHEN RODGERS, <br> AIS # 244536, <br><br> Plaintiff, <br><br> v. <br><br> LT. DOMINIC S. WHITLEY, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 2:18-CV-680-WKW <br> ) <br> ) <br> ) <br> ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

The Plaintiff filed a complaint in this action on July 23, 2018, alleging constitutional violations occurring on July 18, 2016, July 26, 2016, and August 8, 2016 while he was housed at Ventress Correctional Facility, Bullock Correctional Facility and Easterling Correctional Facility.  Specifically, he alleged constitutional violations relating to disciplinary actions and proceedings taken against him and prison officials' failure to protect him from inmate assault.  (Doc. 1 at pp. 2-3).  On March 5, 2019, the court issued an Order stating that because the complaint contained separate claims which appeared to be unrelated and occurred at several different correctional facilities, the Plaintiff must file an amended complaint, which "superseded" the original complaint, (Doc. 17 at p. 1) and which "[c]ontains one claim and any claims that can be shown closely related to it; i.e., arising out of the same incident or facts." (Doc. 17 at p. 2).  Further, the Order required

that "[c]laims concerning defendants located at different institutions must be brought in separate civil actions filed in the district where the prison is located." *Id.*

The court granted several motions by the Plaintiff for an extension of time to file the amended complaint. On December 2, 2019, the Plaintiff filed an amended complaint, alleging constitutional violations occurring April 27, 2019 and May 9, 2019 at Bullock Correctional Facility and naming new Defendants who were not involved in the allegations of the original complaint. (Doc. 28). In the amended complaint, Rodgers seeks monetary damages for the alleged violations of his constitutional rights. *Id*. at 10. Thereafter, the pursuant to an Order of this court, the Defendants filed an Answer and Special Report. (Doc. 45).

After reviewing the special reports and exhibits, the court issued an order on July 23, 2020 requiring the Plaintiff to file a response to the Defendants' special report, supported by affidavits or statements made under penalty of perjury and other evidentiary materials. (Doc. 46). This order specifically cautioned that "**unless within ten (10) days from the date of this order a party . . . presents sufficient legal cause why such action should not be undertaken** . . . the court may at any time [after expiration of the time for the plaintiff filing a response to this order] and **without further notice to the parties** (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law." (Doc. 46 at p. 2). The Plaintiff filed a response to this order. (Doc. 49). Pursuant to the directives of the

order entered on July 23, 2020, the court now treats the Defendants' special reports as a motion for summary judgment and concludes that judgment is due to be granted in favor of the Defendants.

In their special report, the Defendants have raised the defense that the amended complaint is barred by the statute of limitations. (Doc. 45). The Plaintiff has responded by restating the claims made in the amended complaint. (Doc. 49). The court will now turn its attention to the question of whether the statute of limitations for this 1983 action bars its consideration of the merits of the Plaintiff's claims as stated in the amended complaint.

## II. DISCUSSION

It is clear from the amended complaint that Rodger's claims challenging the constitutionality of actions which occurred on April 27, 2017 and May 9, 2017 are barred by the statute of limitations applicable to a federal civil action filed by an inmate under 42 U.S.C. § 1983. (Doc. 28). The applicable law provides that

> [a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The amended complaint in this action was filed on December 2, 2019, more than two years after the alleged

constitutional violations occurring on April 27, 2017 and May 9, 2017. (Doc. 28 at pp. 2-10). Accordingly, the court concludes that the claims stated in the amended complaint are barred by the statute of limitations unless saved by the tolling provision or unless they relate back to the original complaint.

By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) affords no relief to Rodgers from application of the time bar. The tolling provision provides that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). The Plaintiff does not allege, nor does it appear from the record, that any of these considerations apply to the case at bar.

Under Fed. R. Civ. P. 15 (c) (1) "[a]n amendment to a pleading relates back to the date of the original pleading when:

    (A)   the law that provides the applicable statute of limitations allows relation back;
    (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
    (C)   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4 (m) for serving the summons and complaint, the party to be brought in by amendment:
        (i)   received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii)   knew of should have know that the action would have been brought against it, but for a mistake concerning the proper party's identity."

In the instant action, the original complaint filed on July 23, 2018, listed three (3) claims that arose out of the Plaintiff's incarceration while housed at Ventress, Bullock and Easterling facilities.  (Doc. 1 at p. 2).[1]  In his first claim, the Plaintiff alleged that on July 18, 2016, Captain Drake placed him in disciplinary segregation without a hearing.  In his second claim, the Plaintiff alleged that on July 26, 2016, Officers Lewis and Holland failed to protect him from assault by another inmate.  In his third claim, the Plaintiff alleged that on August 8, 2016, Lt. Lasseter denied him due process when she disallowed him from calling witnesses at a disciplinary hearing.  (Doc. 1 at pp. 2-3).

Rodgers' amended complaint lists three (3) new 1983 claims against all newly named Defendants – none of whom had notice of his original claims – which occurred at a separate institution, Bullock.[2]  (Doc. 28 at p. 2).  In his first claim, the Plaintiff alleged that Lt. Whitley used excessive force against him on April 27, 2017.  In his second claim, the Plaintiff alleged that Officer Giles denied him access to medical care on April 27, 2017. (Doc. 28 at p. 6).  In his third claim, the Plaintiff alleged that Officer Streeter and Lt. Jackson failed to protect him on May 9, 2017.  (Doc. 28 at pp. 7-9).

The statute of limitations on Rodger's excessive force, failure to protect, and denial of medical treatment claims began to run on April 27, 2017 and May 9, 2017.[3] The limitations periods for these claims therefore expired on April 28, 2017 and May 10,

---

[1] Rodgers does not specify which of the alleged constitutional violations occurred at which correctional facility.  However, records demonstrate that he was housed at Ventress during the time period encompassed by the original complaint.  (Doc. 45-1 at p. 4).

[2] Rodgers was transferred from Ventress to Bullock on September 16, 2016. (Doc. 45-1 at p. 3).

[3] In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

2017, respectively. Rodgers filed the amended complaint on December 2, 2019. Because the court has concluded that the tolling provision and the relation back doctrine do not apply in this instance, the court now concludes that this action is due to be dismissed because it is barred by the applicable statute of limitations.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the Defendants.

3. This case be DISMISSED with prejudice.

4. No costs be taxed.

On or before **April 15, 2021**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 31st day of March, 2021.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE