IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELZIE STEPHEN RODGERS, AIS # 244536, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:18-CV-680-WKW ) |
| LT. DOMINIC S. WHITLEY, et al., | ) ) |
| Defendants. | ) |

**AMENDED RECOMMENDATION OF THE MAGISTRATE JUDGE**

**DISCUSSION**

On March 31, 2021, the court recommended dismissal of this action (Doc. 50) because it is barred by the two-year statute of limitations applicable to Section 1983 claims. *See McNair v. Allen,* 515 F. 3d 1168, 1173 (11th Cir. 2008). The Plaintiff filed a response to the recommendation asking the court to provide him a copy of the case action summary so he can demonstrate that he filed an amended complaint on June 28, 2019, which he maintains should not be barred by the statute of limitations.

The Plaintiff did indeed file an amended complaint on June 28, 2019. (Doc. 23). On July 9, 2019, the Court ordered (Doc. 24) that this amended complaint be stricken for the Plaintiff's failure to follow prior directives of this court set out by order dated March 5, 2019. (Doc. 17). Ultimately, on December 2, 2019, the Plaintiff filed another amended complaint, alleging constitutional violations occurring on April 27, 2017 and May 9, 2017 at Bullock Correctional Facility and naming new defendants who were not involved

in the allegations of the original complaint. (Doc. 28). Even if the court were to accept a filing date for the amended complaint of June 28, 2019, as the Plaintiff requests, the amended complaint is still time-barred for the reasons stated in the recommendation. (Doc. 50).

Indeed, as this court previously held, the statute of limitations on Rodger's excessive force, failure to protect, and denial of medical treatment claims began to run on April 27, 2017 and May 9, 2017.[1] The limitations periods for these claims therefore expired on April 28, 2019 and May 10, 2019, respectively.[2] Whether the filing date of the amended complaint is construed as June 28, 2019 or December 2, 2019, these claims are still barred by the two-year statute of limitations. Further, as the court has previously determined, the tolling provision and the relation back doctrine do not apply in this instance. Thus, the court again concludes that this action is due to be dismissed because it is barred by the applicable statute of limitations.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the Defendants.

3. This case be DISMISSED with prejudice.

---

[1] In computing the federal period of limitations, a court must "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), Fed.R.Civ.P.

[2] At pages 5 and 6 of the Recommendation (Doc. 50), the dates for the expiration of the limitations period are incorrectly stated as April 28, 2017 and May 10, 2017. However, the rationale of the recommendation still applies and requires dismissal of this action.

    4.  No costs be taxed.

On or before **May 13, 2021**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE, on this the 27th day of April, 2021.

                                        /s/ Susan Russ Walker
                                        Susan Russ Walker
                                        United States Magistrate Judge