IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELZIE STEPHEN RODGERS, JR., <br> AIS # 244536, <br><br> Plaintiff, <br><br> v. <br><br> LT. DOMINIC S. WHITLEY, <br> OFFICER EDDIE STREETER, <br> LT. AUDRA JACKSON, and <br> OFFICER GILES, <br><br> Defendants. | CASE NO. 2:18-CV-680-WKW <br> [WO] |

## **ORDER**

Before the court is the Magistrate Judge's Recommendation (Doc. # 50), as later amended (Doc. # 54), and then supplemented (Doc. # 61), recommending that the court grant Defendants' motion for summary judgment. The Magistrate Judge concludes that Plaintiff's claims, which accrued on April 27, 2017, and May 9, 2017, are barred by the two-year statute of limitations applicable to 42 U.S.C. § 1983 claims. Plaintiff has filed objections to this conclusion (Docs. # 53, 57, and 60), and the Magistrate Judge has addressed those objections in the amendment and supplement to the Recommendation. Based on Plaintiff's record of objections, the court has reviewed *de novo* the recommendation, as supplemented and amended.

*See* 28 U.S.C. § 636. Based on that review, Plaintiff's objections lack merit, and the Recommendation, as amended and supplemented, will be adopted.

The postmarked date of Plaintiff's operative amended complaint—*i.e.*, June 26, 2019—is more than two years after the accrual date of his claims. (Doc. # 23.) However, Plaintiff, claiming the benefit of the prison mailbox rule, contends that he timely submitted this complaint to prison officials on March 25, 2019, but that they delayed its mailing until June 26, 2019. *See Garvey v. Vaughn*, 993 F. 2d 776, 783 (11th Cir. 1993) (In § 1983 cases, "the date of filing shall be that of delivery to prison officials of a complaint or other papers destined for the district court for the purpose of ascertaining timeliness." (emphasis omitted)). "*Absent evidence to the contrary*," the court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam) (emphasis added).

Here, there is ample evidence to the contrary. The Magistrate Judge has entered comprehensive, meticulous, and well-reasoned recommendations, detailing the myriad evidence that is directly contrary to and insufficient to support Plaintiff's asserted reliance on the prison mailbox rule. (*See, e.g.*, Doc. # 61 (discussing the verified motion for an extension of time in which Plaintiff proffered the reasons he could not meet the March 26, 2019 deadline to file an amended complaint, his voluminous past mailing history demonstrating timely mailing of his legal

2

documents, and his speculative assertions of mail tampering and interception by prison officials and inmates).) The opposing evidence sufficiently negates the March 25, 2019 signature date on Plaintiff's amended complaint (Doc. # 23) and dispels any genuine dispute of material fact. The Magistrate Judge correctly determined that Plaintiff cannot invoke the prison mailbox rule, that his amended complaint is deemed filed on June 26, 2019, and that his claims are barred by the statute of limitations.

Accordingly, it is ORDERED as follows:

(1) The Recommendation of the Magistrate Judge (Doc. # 50), as later amended (Doc. # 54) and then supplemented (Doc. # 61), is ADOPTED;

(2) Plaintiff's objections (Docs. # 53, 57, 60) are OVERRULED;

(3) Defendants' motion for summary judgment (Doc. # 45) is GRANTED; and

(4) No costs are TAXED.

An appropriate final judgment will be entered separately.

DONE this 30th day of September, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE